# LESTER SCHWAB KATZ & DWYER, LLP
100 WALL STREET
NEW YORK, N.Y. 10005-3701
(212) 964-6611
FAX: (212) 267-5916

ALLYSON B. BELMONT
Writer's Direct Dial: (212) 341-4359
E-Mail: abelmont@lskdnylaw.com

NEW JERSEY OFFICE
500 Frank W. Burr Blvd
5th Floor, Suite 31
TEANECK, N.J. 07666
(973) 912-9501

**MEMO ENDORSED**

December 17, 2019

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/17/2019
```

*Via ECF*
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Attn: Hon. Judge Valerie E. Caproni**

Re: **Lucia Almonte v. Rahman Idlett, Werner Enterprises, Inc. and Werner Enterprises, LLC**
Docket No.: 1:19-cv-06594-VEC
Date of Loss: 4/18/18
Our File No.: 901-0035

Dear Judge Caproni:

I write this letter with respect to the deposition of the plaintiff that is currently scheduled for this Wednesday, December 18, 2019. I require an adjournment of this deposition in light of outstanding discovery, including authorizations pertaining to the plaintiff's prior medical history. Since records from these still not exchanged authorizations will not likely be received until close to or after the current date set for the close of fact discovery, January 31, 2020, an extension of the deadlines is also being requested. No prior requests for an extension of any sort have been made.

The Initial Conference on this matter was held on October 18, 2019. Three days before the conference, on October 15, 2019, I received plaintiff's discovery responses, including authorizations, by fax. (Originals were received a few days after the conference.) The authorizations were processed on October 23, 2019.

With discovery responses, plaintiff denied a prior history of accidents, injuries, conditions and claims. However, upon our recent receipt of records from Mercy Medical Center pertaining to the within accident, we learned that the plaintiff does have a significant prior history; the post-accident records revealed that the plaintiff had a prior cervical CT scan on September 16, 2014 and was involved in another motor vehicle accident in 2017. The plaintiff's claims from the within motor vehicle accident (with minor vehicle damage and no injuries reported on scene), include cervical fusion surgery, right shoulder injury with surgery, lumbar injures, headaches, nausea and vomiting.

Upon receipt of the information from the Mercy Medical Center records, I corresponded with plaintiff's counsel who advised that there were no injuries from the 2017 accident. Counsel also provided us with a copy of the plaintiff's medical records from Mercy Medical Center dating from 2013 to 2017. These records were provided at 4 p.m. on Friday, December 13, and I did not have the opportunity to review them until yesterday, Monday, December 16, 2019.

The records were extensive, and from them, I learned that the plaintiff had several visits to Mercy Medical Center before this accident with complaints that included neck pain with numbness into her left arm and hand, as well as a history of headaches/migraines. The records also revealed a number of providers, including neurologists, orthopedists, and primary care physicians that the plaintiff seems to have seen in connection with these complaints outside of Mercy Medical Center. As such, I generated a demand that should be served today (I sent a courtesy copy to plaintiff's counsel on Monday, December 16, 2019) to include requests for authorizations for a number of providers. I also requested authorization so that I can obtain my own set of records (to include films) from Mercy Medical Center and any diagnostic testing that the plaintiff had outside of the hospital.

I also contacted plaintiff's counsel before writing this letter. Plaintiff is amenable to providing the authorizations requested, but does not consent to adjourning the plaintiff's deposition scheduled for December 18. Counsel is of the opinion that I can proceed with the plaintiff's deposition and get the records after the deposition. However, I disagree and do not feel that this is fair to my client. If I am forced to proceed with the deposition, my client will then potentially have the expense of a second deposition, and possibly motion practice if the plaintiff does not voluntarily agree to re-produce his client based on information I may learn of from records for which we have not yet received authorizations.

For this reason, I am requesting that the deposition of the plaintiff be adjourned for at least 45 days to an early February date to allow time for our office to process the authorizations and receive the records. (This is presuming plaintiff provides the authorizations immediately so that they can be processed before the holidays.) In light of this, I would also request a 60 day extension of the fact discovery deadlines, as well as the expert discovery deadlines. We currently have an IME scheduled with a spine surgeon for the end of January, and would maintain that date so long as we have the necessary records. (An orthopedic IME is also being scheduled by office, and depending on what the additional records demonstrate, a neurologist may also be necessary.)

       Thank you for your courtesies and attention to this matter. Please feel free to contact me with any questions or concerns.

                    Very truly yours,

                    *s/Allyson B. Belmont*
                    ALLYSON B. BELMONT
                    Of Counsel

ABB:imr
4822-8028-9199
cc:

*Via ECF*
Block O'Toole & Murphy, LLP
1 Penn Plaza, Suite 5315
New York, New York 10119
**Attn: Ameer Benno, Esq.**
Attorneys for Plaintiff
T: (212) 736-5300
F: (212) 971-9840
File No.: 4488

Application GRANTED in part.

The parties must reschedule the deposition of Plaintiff to a date after Defendants receive the requested medical records. Plaintiff must provide Defendants with the authorizations no later than end of day tomorrow, **December 18, 2019**.

The deadline for fact discovery is extended to **February 28, 2020**, and the deadline for expert discovery is extended to **April 30, 2020**.

The conference scheduled for January 31, 2020, is adjourned to **February 28, 2020, at 10:00 a.m.** The parties preconference letter is due no later than **February 20, 2020**.

No more extensions will be granted absent extraordinary circumstances.

SO ORDERED.

*[signature]* 12/17/2019

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE